UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MICHAEL GARCIA,<br>　　　　Plaintiff,<br>　　v.<br>JOE LIZARRAGA,<br>　　　　Defendant. | Case No. 19-cv-02083-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee. His petition sets forth 5 claims challenging the constitutionality of petitioner's conviction in state court:

1. Petitioner was denied his Sixth Amendment right to confront and cross-examine witnesses and Fourteenth Amendment right to Due Process when the Court of Appeal found that he was not prejudiced by the *Crawford* error as it related to the substantive charges.

2. Petitioner was denied his Fourteenth Amendment right to Due Process when the state court held that petitioner was not entitled to bifurcation or severance of the gang count or allegations from the substantive criminal offenses.

3. Petitioner was denied his Fourteenth Amendment right to Due Process when the prosecutor violated the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to turn over impeachment evidence related to prosecution witness Patricia Torres.

4. Petitioner was denied his Sixth Amendment right to a trial by an impartial jury and Fourteenth Amendment right to Due Process when the trial court denied his motion for

a new trial based on evidence that the jury was biased against petitioner.

5. Petitioner was denied his Sixth Amendment right to notice of the charges against him and Fourteenth Amendment right to Due Process where the jury found true the allegation pursuant to Penal Code section 12022.53(c)(1) despite the fact that the information did not allege such a violation.

These claims, when liberally construed, are cognizable and potentially meritorious. Good cause appearing, Respondent is hereby ordered to show cause why the petition should not be granted.

In order to expedite the resolution of this case, it is further ordered as follows:

1. The Clerk shall serve Respondent and the Respondent's attorney, the Attorney General of the State of California, with a copy of this order and the petition with all attachments.

2. Consistent with Habeas Local Rule 2254-6, Respondent shall file with the court and serve on petitioner, within 60 days of service of the petition and this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of the date the answer is filed.

3. Respondent may file, within 60 days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply within 14 days of the date any opposition is filed.

4. The Clerk shall send a notice to Petitioner and Respondent regarding consenting to the jurisdiction of a magistrate judge.

**IT IS SO ORDERED.**

Dated: April 18, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge