UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP GARCIA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOE LIZARRAGA,<br><br>   Defendant. | Case No. 19-cv-02083-JD<br><br>**ORDER RE HABEAS PETITION AND CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 1 |

Petitioner Phillip Garcia, a California state prisoner, brings five claims under 28 U.S.C. § 2254 in this petition for habeas relief. Dkt. No. 1. The Court ordered respondent to show cause why the writ should not be granted. Dkt. No. 3. Respondent filed an answer, Dkt. No. 14, and Garcia filed a traverse, Dkt. No. 19. The petition is denied.

## BACKGROUND

The California Court of Appeal provided a detailed account of the material facts and trial proceedings that will not be repeated *in toto* here. *See People v. Pettie*, 16 Cal. App. 5th 23 (2017). The petition raises five claims for relief, which were previously raised in Garcia's state court appeal. Garcia's first claim is that the court of appeal, after finding a violation of the Confrontation Clause, erroneously applied *Chapman v. California*, 386 U.S. 18 (1967), to conclude that the error was harmless for the attempted murder and assault convictions, as well as several enhancements. *See* Dkt. No. 1 ¶ 11. Garcia's four other claims, *id.* ¶¶ 12-15, were rejected by the court of appeal on the merits, *Pettie*, 16 Cal. App. 5th at 32. The California Supreme Court denied review. Dkt. No. 16-9.

In summary, Garcia was convicted of attempted murder, assault with a firearm, dissuading a witness by force, conspiracy to dissuade a witness, and assault with means likely to commit great bodily injury. Dkt. No. 1 ¶¶ 1, 3. Garcia's sentence was enhanced by the jury's findings that some of the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang (the "gang enhancement"); that Garcia was armed with a firearm, that a

principal personally used and discharged a firearm, and that Garcia personally used a firearm; and that Garcia personally inflicted great bodily injury. *Id.* ¶¶ 2-3. Garcia was sentenced to a total of 42 years in prison, as well as an indeterminate life term on the gang enhancement. *Id.* ¶ 4.

In a state court appeal, Garcia and two of his codefendants, Vincent Pettie and Andrew Lanford, raised several alleged trial errors, including the claims raised in Garcia's petition. *Pettie*, 16 Cal. App. 5th at 32-33. The California Court of Appeal agreed with defendants' claim that the admission of certain testimony from the prosecution's gang expert violated the Confrontation Clause. *Id.* at 61-64 (citing *Crawford v. Washington*, 541 U.S. 36 (2004); *People v. Sanchez*, 63 Cal. 4th 665 (2016)). The court of appeal vacated Pettie's conviction on all charges, and vacated the gang enhancement convictions and gang-related life terms for Garcia and Langford, but found that the error was harmless with regard to Garcia's and Langford's convictions on other charges and enhancements. *Id.* at 66-68. The court also reversed defendants' convictions on the witness dissuasion charges based on instructional error. *Id.* at 68. The court of appeal rejected all of Garcia's other claims of trial error. *Id.* at 32. The Supreme Court of California denied Garcia's petition for review. Dkt. No. 16-9.

## LEGAL STANDARDS

When a state court decides a claim on the merits, habeas relief can be granted only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2); *see also Martinez v. Sullivan*, No. 17-CV-04436-JD, 2019 WL 1877347, at *2 (N.D. Cal. Apr. 26, 2019). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

2

indistinguishable facts." *Williams*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; see also *Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).  The Court presumes the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The state court decision to which Section 2254(d) applies is the "last reasoned decision" of the state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court that considered the petitioner's claims, the Court looks to the last reasoned opinion from a lower court.  *See Nunnemaker*, 501 U.S. at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).  In this case, the Court looks to the decision by the California Court of Appeal in resolving the habeas petition.

All of the claims raised in the petition were rejected on the merits by the court of appeal.  Consequently, the deferential standard of review under 28 U.S.C. § 2254(d) applies to those claims.  *See Cullen v. Pinholster*, 563 U.S. 170, 187 (2011).

## DISCUSSION

### I.   HARMLESS ERROR

Garcia's first claim is that the court of appeal misapplied *Chapman* and erroneously determined that the admission of the gang expert's testimony was harmless for the non-gang-related charges.  The court of appeal's finding that the admission of this testimony was harmless

3

was an adjudication on the merits that is entitled to deference. *See Davis v. Ayala*, 576 U.S. 257, 269 (2015). The Court may not overturn that decision unless the court of appeal "applied *Chapman* in an objectively unreasonable manner. When a *Chapman* decision is reviewed under AEDPA, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. . . . [A] state-court decision is not unreasonable if fairminded jurists could disagree on its correctness. . . . [The petitioner] therefore must show that the state court's decision to reject his claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 269-70 (internal quotations and citations omitted).

If the federal court determines that the state court's harmless-error analysis was objectively unreasonable, it also must find that the error was prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619 (1993), before it can grant relief. *See Fry v. Pliler*, 551 U.S. 112, 119-20 (§ 2254(d)(1) did not displace *Brecht*). Under the *Brecht* standard, the Court may grant habeas relief only if it has "grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *Davis*, 576 U.S. at 268 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). The *Brecht* test is "more stringent" than the preconditions set out by AEDPA and *Chapman*. *Deck v. Jenkins*, 814 F.3d 954, 985 (9th Cir. 2016).

The court of appeal held that the admission of the gang evidence was constitutional error, *Pettie*, 16 Cal. App. 5th at 64, and that the error was not harmless with regard to all defendants' gang enhancements, *id.* at 66. The court also held that the jury likely relied on the gang evidence in finding Pettie guilty of substantive charges against him. *Id.* at 67-68. But the court found that the admission was harmless with respect to Garcia's and Langford's convictions on non-gang-related charges, mainly because of substantial additional evidence against them. *Id.* at 66-67. Specifically, the court of appeal found that the prosecution presented evidence of Garcia's guilt other than the prosecution's gang expert testimony. *Id.* Such evidence is relevant to the *Brecht* standard. *See Sims v. Brown*, 425 F.3d 560, 570-71 (9th Cir.), *amended*, 430 F.3d 1220 (9th Cir. 2005).

1    Garcia says that the court of appeal did not properly weigh the effect of the inadmissible
2    evidence on the jury's verdict, citing the importance of the gang evidence to the prosecution's
3    case, and that it is not clear that the remaining evidence was strong enough to sustain a conviction
4    given the countervailing evidence presented by the defense. Dkt. No. 1 at 5-7[1]; Dkt. No. 19-1 at
5    1-3. Respondent says that the court of appeal's harmless error analysis was correct, and that
6    Garcia cannot show that the gang testimony had a substantial and injurious effect on the jury's
7    verdict. Dkt. No. 14 at 11-13.

8    The problem for Garcia is that his arguments are little more than mere disagreements with
9    the court of appeal's conclusions. The court identified the correct legal standards, and applied
10   them in a clear and logical manner. Garcia has not shown that there was anything objectively
11   unreasonable about the court of appeal's analysis. This also forecloses any possibility of a finding
12   of prejudice under the *Brecht* "substantial and injurious effect" standard. Habeas relief is denied
13   on this claim. *See Fry*, 551 U.S. at 121-22; *Brecht*, 507 U.S. at 623.

## II.  JOINDER

15   The court of appeal upheld the trial court's denial of Garcia's motion to bifurcate or sever
16   the gang charges. *Pettie*, 16 Cal. App. 5th at 43-46. Garcia says that this deprived him of a fair
17   trial because it exposed the jury to evidence relating to his gang affiliation that would not
18   otherwise have been presented. Dkt. No. 1 at 8-11; Dkt. No. 19-1 at 3-4.

19   No clearly established Supreme Court precedent addresses when a trial in state court must
20   be severed for multiple defendants. *See Martinez v. Yates*, 585 F. App'x 460, 460 (9th Cir. 2014)
21   (unpublished); *Mulan v. Arnold*, No. 15-cv-01003-JD, 2017 WL 1407717, at *3-4 (N.D. Cal. Apr.
22   20, 2017), *aff'd*, 783 Fed. Appx. 774 (9th Cir. 2019). The Supreme Court indicated in a footnote
23   in *United States v. Lane* that "misjoinder would rise to the level of a constitutional violation only
24   if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial."
25   474 U.S. 438, 446 n.8 (1986). But the Ninth Circuit has held this footnote "does not qualify as
26   clearly established federal law under federal habeas law." *Collins v. Runnels*, 603 F.3d 1127,

---

[1] All further citations to Dkt. No. 1 refer to pages in the memorandum of points and authorities.

1132 (9th Cir. 2010). Consequently, Garcia is not entitled to habeas relief on this ground. *See Martinez*, 585 F. App'x at 460.

Even if, in the absence of Supreme Court precedent, Ninth Circuit case law were applied, the court of appeal's severance determination was not objectively unreasonable. In our circuit, due process may be violated when the denial of severance would render a trial fundamentally unfair. *Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997); *see also Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000). The requisite level of unfairness is reached only "if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (internal quotation omitted). "In evaluating prejudice, the Ninth Circuit focuses particularly on cross-admissibility of evidence and the danger of 'spillover' from one charge to another." *Id.*

The court of appeal held that the evidence was admissible under California law, which significantly reduces the potential prejudice to petitioners. *See id.* at 638-39. Specifically, the court of appeal held that "while gang-related evidence is necessarily inflammatory to some degree, the gang evidence presented here was substantially outweighed by its probative value." *Pettie*, 16 Cal. App. 5th at 45. These conclusions are not objectively unreasonable or otherwise infirm. Garcia makes no countervailing showing that the evidence would not have been admissible in separate trials.

A joint trial was not fundamentally unfair. Habeas relief is denied on this claim.

## III. *BRADY* ISSUE

Garcia's third claim is that the state courts erred in denying him a new trial based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. No. 1 at 12-15; Dkt. No. 19-1 at 5-7; *see also Kyles v. Whitley*, 514 U.S. 419, 437 (1995). After trial, the defense learned that one of the prosecution's witnesses had three misdemeanor convictions that had not been disclosed. *Pettie*, 16 Cal. App. 5th at 72. The court of appeal found no *Brady* violation because this undisclosed impeachment evidence was not material in that the witness "was secondary to the prosecution's case," and "the evidence of her past conduct was remote in time, and her offenses were not particularly serious." *Id.* at 73.

6

For a *Brady* claim to succeed, a petitioner must show: (1) that the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; (2) that it was suppressed by the prosecution, either willfully or inadvertently; and (3) that it was material (or, put differently, that prejudice ensued). *Banks v. Dretke*, 540 U.S. 668, 691 (2004). Garcia disagrees with the court of appeal's findings, but has not shown that any of these elements weigh in his favor. Nor has he shown that the "new" evidence is sufficient to undermine confidence in the verdict, especially given the other evidence against him. *See Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (per curiam). Habeas relief is denied on this claim.

## IV.  JUROR BIAS

Garcia's fourth claim is that he was denied the right to be tried by an unbiased jury. Dkt. No. 1 at 15-20; Dkt. No. 19-1 at 7-9. After the prosecution's closing argument, the trial court informed the parties that four jurors reported potential external influences, including suspected attempts to intimidate them. *Pettie*, 16 Cal. App. 5th at 76-78. The trial court questioned each of the jurors who had experienced or discussed these incidents. *Id.* at 77-78. After all these jurors were questioned and affirmed that they could judge the case based solely on the merits, the trial court asked counsel if they wished to raise any concerns. *Id.* at 78. Garcia's counsel expressed a concern whether the court had identified and questioned all the jurors involved, but declined the court's invitation to question all the jurors. *Id.*

The court of appeal denied Garcia's juror bias claim because his trial counsel did not request any further remedy from the trial court. *Id.* at 79-80. The court of appeal noted that counsel expressly declined to have the trial court examine the remaining jurors, and also proceeded to reject both of Garcia's arguments on the merits. *Id.* According to the court of appeal, Garcia pointed "to nothing in the record to indicate the court failed to examine any juror who had been exposed to external influence," and merely speculated "that other jurors must have been exposed" without citing anything in the record to support such an assertion. *Id.* at 80. The court of appeal also rejected Garcia's argument that the trial court had a sua sponte duty to provide further admonitions regarding its questioning of the four jurors and the presence of extra security, determining that, at most, the trial judge had discretion to issue such admonitions. *Id.*

7

There is no error in the state courts' conclusions that might warrant habeas relief. As our circuit has recognized, "the remedy prescribed by the Supreme Court" for potential juror bias is "a hearing involving all interested parties to explore the issue of juror bias" where the defendant has "the opportunity to prove actual bias." *Hedlund v. Ryan*, 854 F.3d 557, 574 (9th Cir. 2017); *see also Smith v. Phillips*, 455 U.S. 209, 215 (1982); *Remmer v. United States*, 347 U.S. 227, 229-30 (1954). "So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's finding based on that investigation are entitled to a presumption of correctness." *Hedlund*, 854 F.3d at 574 (quoting *Dyer v. Calderon*, 151 F.3d 970, 975 (9th Cir. 1998)).

On the record before the Court, it cannot be said that the trial court's handling of these issues was improper, particularly under the doubly deferential standard of review of such errors under AEDPA. The trial court tackled the issue fairly and reasonably, and gave both sides ample opportunity to express their views. The court of appeal reasonably concluded that any presumption of prejudice on behalf of any juror had been rebutted by the trial judge's examination of all jurors known to be exposed to any external influence. *Pettie*, 16 Cal. App. 5th at 79-80.

There is no basis for concluding that the court of appeal's conclusion is contrary to clearly established federal law, and the state trial court's findings are entitled to deference under 28 U.S.C. § 2254(e)(1). Habeas relief is denied on this claim.

## V. FIREARM ENHANCEMENT

Garcia's final claim is that he was not provided adequate notice of the firearm enhancement that the prosecution argued to the jury in closing statements. Dkt. No. 1 at 20-25; Dkt. No. 19-1 at 9-10. Garcia says that the criminal information charged him only with an enhancement based on the use of a firearm by a principal, and that the prosecution's oral amendment of the enhancement to charge personal use of a firearm after the close of evidence came too late to provide him adequate notice. Dkt. No. 1 at 20, 22.

The court of appeal rejected this claim because the record as a whole -- including the earlier criminal complaints, evidence presented at the preliminary hearing, and the fact that Garcia was the only defendant charged with carrying a firearm on his person -- showed that Garcia had

8

adequate notice of the personal use enhancement. *Pettie*, 16 Cal. App. 5th at 83-85. Garcia has not demonstrated otherwise.

In addition, as respondent correctly notes, the Supreme Court has not addressed the standard for reviewing a state court's finding of adequate notice based on its evaluation of the record as a whole. Dkt. No. 14-1 at 38-39. Indeed, the Supreme Court has expressly cautioned that, in the absence of such a decision, a federal court has "nothing against which it [can] assess, and deem lacking, the notice afforded" a state court criminal defendant. *Lopez v. Smith*, 574 U.S. 1, 9 (2014) (per curiam).

Habeas relief is denied on this claim.

## CONCLUSION

The petition is denied. A certificate of appealability is also denied. The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a). A judge many grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2254(c) is straightforward: [t]he petition must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Garcia has not shown a certificate is warranted.

**IT IS SO ORDERED.**

Dated: January 25, 2021

JAMES DONATO
United States District Judge